**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Home Care Services, Inc., an Arizona corporation d/b/a LJM Air Conditioning; John Lamont and Lisa Lamont, man and wife,<br><br>   Plaintiff,<br><br>vs.<br><br>Advanta Bank Corporation, a Utah industrial bank,<br><br>   Defendant. | No. 09-CV-2518-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss Counts Six Through Eight of the Amended Complaint (Dkt. # 22). For the following reasons, the Court denies the Motion.[1]

**BACKGROUND**

The Complaint alleges the following facts. In September 2006, Ms. Tamarom In, who was once a defendant in this action, provided office administration services to Home Care Services, Inc. d/b/a LJM Air Conditioning ("LJM"), by virtue of an agreement between LJM

---

[1] Plaintiffs' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

and Diversified Human Resources, Inc., which was Ms. In's employer. Ms. In then applied to Advanta Bank Corporation ("Advanta") for issuance of a credit card to LJM. No person with authority to act on LJM's behalf authorized, knew of, ratified, or received of any notice or benefit from Ms. In's credit card application. Advanta failed to verify the accuracy of the information that Ms. In provided in the application and failed to confirm Ms. In's authority to apply for and to receive the credit card. Ms. In began using the credit card issued to LJM and falsified company reports to conceal this activity.

In August of 2008, Advanta's fraud investigator reported that the credit card was fraudulently obtained by Ms. In to LJM's detriment and that Advanta would write-off the credit card balance that remained on the card. Advanta's legal department, however, did not follow that course of action and instead informed LJM that both LJM and its president and CEO, John Lamont, were liable for the amount of the unpaid balance. Advanta then, according to Plaintiffs, began "knowingly and wrongfully" reporting false information to credit reporting agencies, presumably regarding the liability for the card payments.

The Revised Third Amended Complaint ("TAC") raised three new claims: (1) violation of 15 U.S.C. § 1681s-2, (2) defamation, and (3) intentional infliction of emotional distress.[2] In their Response to this Motion, Plaintiffs clarify that these three claims apply only to the Lamonts individually and not to LJM as an entity.

**DISCUSSION**

**I.      Statutory Background of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.***

Plaintiffs allege a violation of the Fair Credit Reporting Act ("FCRA") against Advanta. Defendant's Motion asserts both that Plaintiffs' FCRA claim fails and that FCRA preempts Plaintiffs' state law claims for intentional infliction of emotional distress and

---

[2] The notice of removal included a different version of the Third Amended Complaint. This Court then granted Plaintiffs' Motion to Amend to file their "Revised" Third Amended Complaint (Dkt. ## 32, 33), which Plaintiffs apparently inadvertently neglected to file originally. Because the revised version raises substantially the same claims and the parties appear to proceed under the revised TAC, the Court analyzes the Motion to Dismiss under the revised TAC.

defamation.

Under FCRA, Sections 1681n and 1681o provide a general cause of action for a plaintiff who successfully alleges that a defendant willfully or negligently failed to comply with an applicable section of FCRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing 15 U.S.C. §§ 1681n, 1681o). Plaintiffs allege that Advanta violated Section 1681s-2, which sets forth two main duties relating to the "responsibilities of furnishers of information to consumer reporting agencies."15 U.S.C. § 1681s-2. Section 1681s-2(a) deals with the duty "to provide accurate information." *Id.* § 1681s-2(a). Meanwhile, Section 1681s-2(b) applies only after a furnisher receives information of a dispute from a consumer reporting agency and imposes certain affirmative duties on furnishers. *Id.* § 1681s-2(b). After receiving notice of a dispute, a furnisher then has an obligation to conduct an investigation, review relevant information, and report the results of the investigation to the consumer reporting agency. *Id.* If the information is found to be incomplete or inaccurate, the furnisher must report the results to all consumer reporting agencies to whom the information was furnished, as well as modify, delete, or permanently block the reporting of that incomplete or inaccurate information. *Id.*

## II.  Plaintiffs' FCRA Claims

To the extent Plaintiffs allege that Advanta violated Section 1681s-2(a), that claim is dismissed because there is no private right of action for a violation of Section 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c) (stating that "sections 1681n and 1681o of this title," which impose civil liability for willful or negligent failure to comply with the FCRA, "do not apply to any violation of [Section 1681s-2(a)]"); *Gorman*, 584 F.3d at 1154 ("[Section] 1681s-2 limits this private right of action to claims arising under [Section 1681s-2(b)] . . . Duties imposed on furnishers under [Section 1681s-2(a)] are enforceable only by federal or state agencies.").

Plaintiffs also allege a violation of Section 1681s-2(b), for which a private right of action exists. Upon review of the TAC, Defendant's Reply withdrew its argument that Plaintiffs failed to state a claim under Section 1681s-2(b). (Dkt. # 30.) Accordingly, Plaintiffs' claim under Section 1681s-2(b) survives.

## II. Plaintiffs' Common Law Claims

Defendant moves to dismiss Plaintiffs' common law claims for intentional infliction of emotional distress and defamation because 15 U.S.C. § 1681t(b)(1)(F) preempts state common law claims. Plaintiffs respond that the law of the case doctrine precludes this argument and that, in any event, their state common law claims are not preempted.[3] Because the Court concludes that preemption is inapplicable, the Court need not discuss the law of the case doctrine.

Defendant contends that 15 U.S.C. § 1681t(b)(1)(F) preempts Plaintiffs' claims for defamation and intentional infliction of emotional distress. "[S]tate law that conflicts with federal law is without effect." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992) (internal quotations omitted); *see* U.S. Const. Art. VI, cl. 2. Congress may indicate preemptive intent either through the statute's express language or through its structure and purpose. *Altria Group, Inc. v. Good*, 129 S. Ct. 538, 543 (2008).

Although FCRA generally preempts state laws only to the extent those laws are inconsistent with federal law, FCRA includes two preemption provisions: Section 1681t(b)(1)(F) and Section 1681h(e). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009). Section 1681h(e) was enacted in 1970 and provides,

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). In 1996, Congress added Section 1681t(b)(1)(F), which states:

> No requirement or prohibition may be imposed under the laws of any State--

---

[3] Defendant also contends that Advanta, as a corporation, is incapable of suffering emotional distress. Plaintiffs, however, clarify that its intentional infliction of emotional distress claim applies only to the Lamonts personally.

> (1) with respect to any subject matter regulated under--
>
>> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
>>
>>> (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
>>>
>>> (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

*Id.* § 1681t(b)(1)(F). In other words, Section 1681t(b)(1)(F) preempts certain claims regarding subject matter governed by Section 1681s-2. *See id.* Defendant contends that Plaintiffs' claims for defamation and intentional infliction of emotional distress are preempted because they stem from the reporting of credit information about John Lamont, which relates to the "responsibilities of persons who furnish information to consumer reporting agencies," *see id.*

The parties dispute what types of claims FCRA preempts, as Sections 1681t(b)(1)(F) and 1681h(e) are somewhat in conflict. Plaintiffs suggest that Section 1681t governs only the preemption of statutory claims, whereas Section 1681h(e) governs the preemption of common law claims. The Court is unaware of any binding Ninth Circuit authority explicitly deciding this issue, but *Gorman* offers meaningful guidance. 584 F.3d at 1165–68. *Gorman* recognized the potential tension between Section 1681t(b)(1)(F) and Section 1681(h)(e) because, while the former appears to preempt all state law claims based on a creditor's responsibilities under Section 1681s-2, the latter implies that claims in the nature of negligence, defamation, and invasion of privacy may proceed if the plaintiff alleges falsity and malice. *Gorman*, 584 F.3d at 1166. In addressing this conflict, *Gorman* highlighted several ways to reconcile these statutes and to clarify the appropriate scope of FCRA preemption. *Id.* at 1167.

Among these approaches, the Ninth Circuit analyzed the "statutory" approach now advanced by Plaintiffs, under which "[Section 1681t(b)(1)(F)] preempts only state law claims against credit information furnishers brought under state statutes, just as 1681h(e) preempts

only state tort claims."[4] *Id.* *Gorman* then impliedly rejected the statutory approach, concluding that the FCRA's text suggests that at least some common law claims may be preempted. *See* 584 F.3d at 1166–68. While the statutory approach is premised on a distinction between statutory and common law claims insomuch as Congress was concerned with protecting furnishers from inconsistent statutory obligations, the *Gorman* court explained that "this distinction" between statutory and common law claims "does not appear in the text of the statute." 584 F.3d at 1167 n. 25; *see also Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1268 (9th Cir. 2009) ("The starting point for the interpretation of a statute is always its language," and "courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") (citation omitted). To the contrary, Section 1681t(b)(1)(F)'s use of "[t]he phrase '[n]o requirement or prohibition' sweeps broadly and suggests no distinction between positive enactments and common law . . . those words easily encompass obligations that take the form of common-law rules." *Id.* (citing *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521 (1992)); *see also, e.g.*, *Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207, 1214–15 (E. D. Cal. 2008) (holding that common law causes of action were preempted by Section 1681t(b)(1)(F)); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1182 (E. D. Cal. 2005) ("On its face, FCRA precludes all state statutory or common law causes of action that would impose 'any requirement or prohibition' on the furnishers of credit information."). That Section 1681t exempts various statutes from preemption does

---

[4] *Gorman* also described the "temporal approach," which is not advanced by either party in this case. The Ninth Circuit stated,

> Attempting to give meaning to both sections, other courts have observed that § 1681t(b)(1)(F) relates to "any subject matter regulated under section 1681s-2," the section which regulates the responses of furnishers to notices of dispute. Hence, these courts apply a "temporal approach," holding that "causes of action predicated on acts that occurred before a furnisher of information had notice of any inaccuracies are not preempted by § 1681t(b)(1)(F), but are instead governed by § 1681h(e).

584 F.3d at 1167.

1 not mean that only state statutes, and not common law claims, are preempted. Therefore, the Court rejects Plaintiffs' statutory approach and concludes that Section 1681t(b)(1)(F) generally preempts both statutory and common law causes of action.

This does not end the Court's analysis, however. Although the Court finds that Section 1681t(b)(1)(F) applies to both statutory and common law claims generally, Section 1681h(e) states that certain tort claims are barred "*except* as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (emphasis added). As *Gorman* stated, "[Section] 1681h(e) suggests that defamation claims can proceed against creditors as long as the plaintiff alleges falsity and malice."[5] 584 F.3d at 1166. Several canons of statutory interpretation confirm this view.

Beginning, as always, with the text of FCRA, the Court "must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991). If possible, therefore, the Court reads Sections 1681t(b)(1)(F) and 1681h(e) consistently. Although the two sections appear at odds, a plausible consistent interpretation is that Section 1681t(b)(1)(F) provides a general preemption rule, while Section 1681h(e) provides an exception for specifically-enumerated torts. To the extent the two sections are inconsistent, "[i]t is a well-settled canon of statutory interpretation that specific provisions prevail over general provisions." *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir. 1994). Here, Section 1681t(b)(1)(F), which uses broad "[n]o requirement or prohibition" language, must yield to the more specific Section 1681h(e), which mentions specific types of tort claims and the additional requirements to plead falsity and malice. As *Gorman* explained, Section 1681h(e) is "more specific for preemption purposes, because the tension is the nature

---

[5] In a footnote, *Gorman* also stated that Section 1681t(b)(1)(F) "probably" preempted the libel claim, although *Gorman* explicitly did not decide the question. 584 F.3d at 1166 n. 23. In any event, *Gorman* seems at least to acknowledge that Section 1681h(e) may present a different preemption analysis than does Section 1681t(b)(1)(F).

of the claims preempted, and [Section] 1681h(e) specifies certain claims that can be brought." 584 F.3d at 1167 n. 24; *see also Morris v. Bank of Am.*, 2010 WL 761318 at *8 (N. D. Cal. Mar. 3, 2010) (citing *Gorman* and noting that "FCRA preemption is inapplicable where the defendant's conduct is malicious or willful"). Therefore, Section 1681h(e) provides somewhat of an "exception from preemption" if a plaintiff can prove falsity and malice. *See Weseman v. Wells Fargo Home Mortgage, Inc.*, 2008 WL 542961 at *4–5 (D. Or. Feb. 22, 2008) (discussing that Section 1681h(e) allows certain claims enumerated in that section if the plaintiff can show falsity and malice).

Defendant urges the Court to adopt the "total preemption" approach and to conclude that Section 1681t(b)(1)(F) impliedly repealed Section 1681h(e), effectively preempting all statutory and common law claims. Defendant points to several opinions of district courts that have held that FCRA preempts both statutory and common law claims. *See, e.g.*, *Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207, 1214–15 (E. D. Cal. 2008); *Cope v. MBNA Am. Bank, NA*, 2006 WL 655742 at *8–9 (D. Or. Mar. 8, 2006); *Roybal v. Equifax*, 2006 WL 902276 at *3–4 (E. D. Cal. Apr. 4, 2006); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143–44 (N. D. Cal. 2005); *Davis v. Md. Bank, N.A.*, 2002 WL 32713429 at *11–15 (N.D. Cal. June 19, 2002).

Despite these cases, and despite the fact that Section 1681t(b)(1)(F) generally preempts both statutory and common law claims, the Court finds it possible to give substantive meaning to both Sections 1681t(b)(1)(F) and 1681h(e). "[R]epeals by implication are not favored." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1976). Repeals by implication apply only where "the intention of the legislature to repeal [is] clear and manifest" and where either "provisions in the two acts are in irreconcilable conflict" or where "the later act covers the whole subject of the earlier one and is clearly intended as a substitute" *Id.* (internal quotations omitted). Section 1681t(b)(1)(F) clearly does not cover the entire subject matter as Section 1681h(e), nor do the sections appear to be in irreconcilable conflict, so the Court will not find implied preemption. *See Sites v. Nationstar Mortgage, LLC*, 646 F. Supp. 2d 699, 707 (M. D. Pa. 2009) (holding that Section 1681h(e)

was not impliedly repealed because it would null the section and stating that an argument that Section 1681t covers the entire subject matter of Section 1681h(e) is "clearly inapplicable"); *Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696, 699 (D. S.C. 2005) (same). As already explained, Section 1681h(e) can fairly be read as a limited exception to Section 1681t(b)(1)(F). While Section 1681t(b)(1)(F) generally preempts both statutory and common law claims, Section 1681h(e) deals with a specific situation of claims in the nature of negligence, defamation, and invasion of privacy for which a plaintiff pleads the false information was reported with malice.

Additionally, Congress evinced no intent to repeal Section 1681h(e), as Congress added Section 1681t(b) at the same time that it amended Section 1681h(e) to clarify the types of state common law causes of action preempted by FCRA. *See Islam v. Option One Mortgage Corp.*, 432 F. Supp. 2d 181, 191 (D. Mass. 2006) ("Finally, and perhaps most convincing, the fact that Congress amended Section 1681h(e) in the same Act that it added Section 1681t(b) belies any argument that the latter was meant to repeal the former completely.") (citing Pub. L. No. 104-208, 110 Stat. 3009-396, 3009-439 (1996)). Therefore, under Section 1681h(e), Plaintiffs may plead claims for defamation and intentional infliction of emotional distress based on the reporting of information because they have alleged falsity and malice.[6]

To survive a motion to dismiss, Plaintiffs must also have alleged factual allegations of falsity and malice sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining standard for a motion to dismiss); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (requiring "more than a sheer possibility" of liability to survive a motion to dismiss).

---

[6] Section 1681h(e) allows a plaintiff, if he or she properly alleges falsity and malice, to bring a claim for actions "*in the nature of* defamation, invasion of privacy, or negligence with respect to the reporting of information." 15 U.S.C. § 1681h(e) (emphasis added). While intentional infliction of emotional distress is not specifically included in this list of torts, the claim is "in the nature of" a claim for the negligent reporting of information.

*New York Times v. Sullivan* sets the standard for "malice" under FCRA, and Plaintiff must show that the "publication [was] made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Gorman*, 584F.3d at 1168 (citing *New York Times*, 376 U.S. 254, 279–80 (1964)). Applying this standard, *Gorman* affirmed summary judgment on the libel claim because the plaintiff had not presented evidence that the furnisher knew the credit information was false or that the furnisher acted with reckless disregard as to its falsity; the plaintiff offered no evidence that the publication of the credit information arose out of something other than a "good faith," "legal and factual disagreement," which does not give rise to malice. *Id.* at 1168–69. Defendant urges that the TAC is insufficient because the present case is the result of a legal and factual disagreement over whether the Lamonts were liable for any debt to Advanta. This, however, is an issue of fact that is improper to resolve on a motion to dismiss. *Gorman* was decided at the summary judgment stage, and the court focused not on the allegations in the complaint, but instead on the fact that plaintiff had presented "no evidence" of falsity or malice. 584 F.3d at 1168. Here, the TAC alleges that Advanta provided false information, that Advanta knew it was false, and that Advanta acted with malice or willful intent. Whether discovery ultimately reveals facts indicating falsity and malice is a question for summary judgment.

**CONCLUSION**

Plaintiffs have stated a claim for violations of Section 1681s-2(b), but not of Section 1681s-2(a). Plaintiffs have pled sufficient facts to survive dismissal of their claims for defamation and intentional infliction of emotional distress.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 22) is **DENIED**.

DATED this 15th day of June, 2010.

_____
G. Murray Snow
United States District Judge